## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**ALI AL MAQABLH**                                               **PLAINTIFF**

**vs.**                          **CIVIL ACTION NO. 3:20-CV-609-CRS**

**JOHN K. CARTER, et al.**                                       **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Ali Al Maqablh ("Al Maqablh"), filed a *pro se* complaint, proceeding *in forma pauperis*, in Jefferson County Circuit Court against Defendants John K. Carter ("Carter"), Mary Elizabeth Eade ("Eade"), Derrick Todd Norberg ("Norberg"), and Lindsey Joe Alley ("Alley"). DN 1-2. Defendants timely removed the action to our Court. DN 1.

This matter is before the Court on Al Maqablh's motion to remand. DN 15. Defendants jointly responded to the motion. DN 20. Al Maqablh then filed a reply. DN 23. The matter is now ripe for review.

For the reasons stated herein, Al Maqablh's motion to remand will be granted.

### I. BACKGROUND

Al Maqablh filed suit against Defendants in Jefferson County Circuit Court on August 6, 2020. DN 1-1. Defendants removed the action to this Court on August 31 based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 on the basis of Al Maqablh's claims under the United States Constitution and 28 U.S.C. § 1983, along with supplemental jurisdiction over state law claims for tortious conspiracy and violations of the Constitution of Kentucky pursuant to 28 U.S.C. § 1367. DN 1 at 2.

Carter moved to dismiss Al Maqablh's Complaint on September 8. DN 6. Eade and Alley also submitted separate motions to dismiss on September 16 and 22, respectively. DN 7, 9.

Al Maqablh filed an Amended Complaint on October 2, which eliminated his federal claims and revised his original state law claims. DN 10. He now alleges five state law claims: (1) Alley and Carter are liable for malicious prosecution because they "procured an administrative disciplinary proceeding . . . without probable cause or any valid reason to suspect that a violation of conduct proscribed by the terms of [Al Maqablh's] probation had been committed;" (2) Alley, Carter, Eade, and Norberg are liable for malicious prosecution because they "did not have probable cause to initiate and/or procure prosecution" to revoke Al Maqablh's conditional discharge; (3) Alley and Carter engaged in an abuse of due process when Carter filed a petition in Trimble County District Court to extend Al Maqablh's incarceration after Al Maqablh informed Alley of his "intent to pursue legal action for preventing him access to his child while incarcerated;" (4) Alley, Carter, Eade, and Norberg engaged in an abuse of due process when they worked together to "have [Al Maqablh] incarcerated based on what [Carter] claimed to be harassing toward Norberg and Alley;" and (5) Carter violated his oath of office under the Constitution of Kentucky when he "maliciously prosecuted [Al Maqablh] without probable cause and in abuse of due process . . . ." DN 10 at 23, 27, 29-37. Defendants do not object to the Amended Complaint as untimely.[1]

---

[1] Federal Rule of Civil Procedure 15(a)(1)(B) allows a party to "amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b) . . . ." The general rule is that each defendant is treated separately for purposes of calculating this window. 1 STEVEN S. GENSLER & LUMEN N. MULLIGAN, FEDERAL RULES OF CIVIL PROCEDURE: RULES AND COMMENTARY, RULE 15 (2020 ed.). Al Maqablh properly amended his complaint as a matter of right with respect to Eade and Alley because the Amended Complaint was filed within twenty-one days of their initial motions to dismiss. Although Al Maqablh filed his Amended Complaint twenty-one days after Carter's initial motion to dismiss, Carter specifically stated in his renewed motion to dismiss that he "does not object to [Al Maqablh's] Amended Complaint as untimely under Rule 15(a)(1)(B)." Thus, the Amended Complaint renders the Defendants' initial motions to dismiss (DN 6, 7, 9) moot and controls the case going forward. *See Kentucky Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) ("Plaintiff's amended complaint supersedes the original complaint, thus making the motion to dismiss the original complaint moot").

Al Maqablh subsequently moved to remand this action. DN 15. He argues that this Court "lacks subject matter jurisdiction because the Amended Complaint raises no substantial federal question [and] the state court is best equipped to handle the issues raised . . . ." DN 15 at 1. Defendants oppose remand, arguing that this Court should retain jurisdiction because "a federal question is presented on the face of [Al Maqablh's] Amended Complaint." DN 20 at 3.

## II. STANDARD OF REVIEW

A civil action is removable from state to federal court if the federal court has "original jurisdiction" over the action. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

## III. ANALYSIS

It is unquestionable that Defendants' removal was proper. 28 U.S.C. § 1441(a). Al Maqablh's Complaint gave this Court original jurisdiction under 28 U.S.C. § 1331 because it contained claims arising under the United States Constitution and 28 U.S.C. § 1983.[2] But Al Maqablh later amended his Complaint to abandon any federal claims. Since a proper amended complaint supersedes an original complaint and controls the case going forward, this lawsuit is devoid of any federal claims.[3] *See Drake v. City of Detroit,* No. 06–1817, 2008 WL 482283, at *2 (6th Cir. Feb. 21, 2008) (stating that a prior "complaint is a nullity, because an amended complaint

---

[2] This Court also had supplemental jurisdiction over Al Maqablh's original state law claims for tortious conspiracy and violations of the Constitution of Kentucky.

[3] Defendants urge this Court to retain jurisdiction based on six statements within the Amended Complaint regarding Al Maqablh's rights under the United States Constitution. DN 10 at 3, 6, 7, 10, 14, 36. Defendants cite *Hammond v. Memphis Light Gas & Water Div.*, No. 07-2264, 2007 WL 9706757 (W.D. Tenn. Oct. 1, 2007) in support of this argument. DN 20 at 4. Unlike *Hammond*, Al Maqablh undoubtedly abandoned his claims for relief under the United States Constitution and 28 U.S.C. § 1983 because his Amended Complaint does not state a claim "arising under" the laws of the United States. Instead, it asserts five claims under Kentucky law. Further, 28 U.S.C. § 1367(c) allows this Court to exercise its discretion to decline supplemental jurisdiction over Al Maqablh's state law claims even if he had not abandoned his claims under federal law.

3

supersedes all prior complaints"); 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1476 (2d ed. 1987) (stating that "[a] pleading that has been amended under Rule 15(a) supersedes the pleading it modifies" and that "[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case").

This does not automatically mean that this Court no longer has subject matter jurisdiction over the cause of action such that remand is required. *See Carlsbad Technologies, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009); *Osborn v. Haley*, 549 U.S. 225, 245 (2007); *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350-51 (1988). Upon dismissal of a federal claim, a district court retains supplemental jurisdiction over the state law claims and may exercise its discretion to determine whether to retain jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) ("district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction"); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 211 (6th Cir. 2004) (holding that remand to state court was a matter of discretion "because the district court's jurisdiction originally was premised on a federal claim and that claim subsequently was dismissed"); *Gamel v. City of Cincinnati*, 625 F.3d 949, 951–52 (6th Cir. 2010) (citing 28 U.S.C. § 1367(a)) ("a district court [possess] broad discretion to decide whether to exercise jurisdiction over state-law claims that are 'so related to claims in the action within such original jurisdiction that they form part of the same case or controversy'"). A court may exercise its discretionary authority not only when all federal claims have been dismissed but also upon the filing of an amended complaint that eliminates the federal claims upon which federal jurisdiction had originally been established. *See Eastman v. Marine Mechanical Corp.,* 438 F.3d 544, 551 (6th Cir. 2006) ("if an amendment eliminates all the federal claims, remand becomes

4

a discretionary decision for the district court under 28 U.S.C. § 1367(c)"); *Harper*, 392 F.3d at 210-12 (holding that the district court did not abuse its discretion in retaining supplemental jurisdiction over plaintiff's state law claims after he filed an amended complaint which abandoned his federal claim).

In determining whether to retain jurisdiction over Al Maqablh's state law claims, we must consider several factors, including the "values of judicial economy, convenience [to the parties], fairness, and comity." *Cohill*, 484 U.S. at 350. "This includes the interest in not 'needlessly deciding state law issues.'" *Packard v. Farmers Ins. Co. of Columbus Inc*., 423 F. App'x 580, 584 (6th Cir. 2011) (citing *Harper*, 392 F.3d at 211). A district court should also "consider whether the plaintiff has engaged in any manipulative tactics." *Gamel*, 625 F.3d at 952. Ordinarily, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to . . . remanding [the state law claims] to state court if the action was removed." *Id.* (citing *Musson Theatrical, Inc. v. Fed. Exp. Corp*., 89 F.3d 1244, 1254–55 (6th Cir. 1996).

There are, however, certain situations when a district court should "retain supplemental jurisdiction even if all of the underlying federal claims have been dismissed." *Id*. For example, in *Harper*, the Sixth Circuit found that the following factors weighed in favor of retaining supplemental jurisdiction over state law claims: (1) the case had been on the court's docket for eleven months; (2) the parties had completed discovery; (3) plaintiff engaged in forum manipulation; (4) defendants' summary judgment motions were ripe for decision; (5) the court had made several substantive rulings; (6) the court was familiar with the facts of the case; (7) and the court had invested significant time in the case. *Harper*, 392 F.3d at 211–12; *see also Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1288 (6th Cir. 1992) (holding that "the interest of judicial economy and fairness both favored the district court's retention of [supplemental]

jurisdiction" over state law claims because the case had been on the district court's docket for almost two years, the parties had completed discovery, and a summary judgment motion was ripe for decision).

We conclude that the factors, on balance, weigh in favor of remand to state court.[4] The interests of judicial economy and fairness do not favor retention of jurisdiction. This case has not been on the Court's docket for long and no substantial record has been complied. No Rule 16 scheduling conference has been held and there is no evidence that the parties have independently undertaken any discovery. Although Carter, Eade, and Alley renewed their motions to dismiss, briefing is incomplete, and this Court has not issued any dispositive rulings.

The need to avoid duplicative litigation also does not appear to be implicated. Once the case is remanded, the parties will presumably resume litigating their claims in state court at the same juncture where they left off in this Court. Further, there is no indication that remand would waste judicial resources, result in considerable delay, or significantly harm the parties financially.

We also find that Al Maqablh did not engage in any forum manipulation when he abandoned his federal law claims and revised his state law claims. The timing of his Amended Complaint does not appear suspicious or raise any serious questions about his motives in seeking remand. Although, Al Maqablh did not file his Amended Complaint until after Carter, Eade, and Alley filed separate motions to dismiss, Carter did not object to the Amended Complaint as untimely, and the Amended Complaint was in-fact timely as to Eade and Alley.

Most importantly, the interests of comity and deference to state court weigh in favor of remand. All federal claims have been abandoned in this case and a state court is best equipped to

---

[4] Defendants' response did not discuss the factors courts must examine when deciding whether to exercise supplemental jurisdiction or whether this Court should exercise supplemental jurisdiction over Al Maqablh's state law claims.

decide the remaining issues of state law. *See Packard*, 423 F. App'x at 584 ("[c]omity to state courts is considered a substantial interest" and there is "a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed").

Accordingly, this Court concludes that it should decline to exercise supplemental jurisdiction over Al Maqablh's state law claims.

### IV. <u>CONCLUSION</u>

For the reasons discussed herein, Al Maqablh's motion to remand will be granted by separate order.

December 10, 2020

Charles R. Simpson III, Senior Judge
United States District Court